### DAVE DURLEY V. THE STATE.

No. 3785.    Decided November 3, 1915.

**1.—Theft—Cattle—Evidence—Moral Turpitude.**

Where, upon trial of theft of cattle, the main State's witness had testified that he, defendant, and others, committed the theft, there was no error in the court's ruling in not permitting the defendant to recall the said witness to prove that he called on another party to aid in stealing other cattle; this would not add to his moral turpitude; besides, such testimony had already been admitted.

**2.—Same—Alibi—Charge of Court.**

Where, upon trial of theft of cattle, the court submitted a proper charge on alibi, there was no error in refusing a requested charge on the same issue.

Appeal from the District Court of Upshur. Tried below before the Hon. J. A. Ward, sitting in exchange.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of cattle theft, and his punishment assessed at two years confinement in the penitentiary.

Pomp Boren testified as a witness for the State, and stated that he, appellant and Jake Bolton had stolen the cow. In a bill of exceptions it is shown that after the witness had been excused appellant recalled him, and desired to ask him: "Did you not, just a short time before the killing of this Brawley cow, have a conversation with Early Skinner in which just you and Early Skinner were together, in which you stated to him or asked him to go with you to kill some cattle, and he refused to do it?" The court sustained the objection, and of this action of the court appellant complains. The witness Boren had confessed he was a thief, and had aided in the theft of the Brawley cow, and to prove that he desired to get Skinner to aid in stealing other cattle

would not add to his moral turpitude. In addition to this, the record disuloses that on direct examination he had testified that while rabbit hunting he had talked with Early Skinner about going with him and appellant to steal cattle, and Early Skinner had refused. So that the testimony sought to be elicited would have been but a reiteration of what he had already testified to when first called as a witness.

The only other bill of exceptions in the record complains of the action of the court in overruling his motion for a new trial, and in it,— the only other question than that discussed above—is that the charge of the court on alibi placed the burden on defendant to prove this defense. This paragraph of the charge is not subject to such criticism, and is in language frequently approved by this court. And having given this charge, it was not necessary to give the special charge requested on that issue.

The judgment is affirmed.

*Affirmed.*